Filed 10/9/24  Conservatorship of Daniel R. CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Conservatorship of the Person of DANIEL R. | |
| SONOMA COUNTY PUBLIC CONSERVATOR,<br><br>        Petitioner and Respondent,<br><br>v.<br><br>DANIEL R.,<br><br>        Objector and Appellant. | A170599<br><br>(Sonoma County<br>Super. Ct. No. SPR-089657) |

MEMORANDUM OPINION[1]

Daniel R. appeals from a May 2024 trial court order renewing the conservatorship over him under the Lanterman-Petris-Short (LPS) Act (Welf. & Inst. Code, § 5000 et seq.).  Last year, we reversed a prior order renewing the conservatorship because the record did not demonstrate that Daniel R. was informed of or waived his right to a jury trial.  (*Conservatorship of Daniel R.* (Oct. 5, 2023, A167485 [nonpub. opn.].)  In this appeal, we agree with him that reversal is *again* required for the same reason.

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(2).

Daniel R.'s conservatorship was originally established in 2017 and renewed several times. In March 2023, the trial court ordered the renewal of the conservatorship, and we reversed that order in our prior opinion. The remittitur issued in December 2023.

Meanwhile, on October 9, 2023, four days after our prior opinion issued, the Public Conservator filed a new petition to renew the conservatorship. The following May, after a court trial, the trial court found that Daniel R. continued to be gravely disabled and granted the petition.

A proposed conservatee has "the right to demand a court or jury trial on the issue of whether the person is gravely disabled." (Welf. & Inst. Code, § 5350, subd. (d)(1).) The trial court is required to "inform the proposed conservatee of . . . [¶] . . . [¶] . . . the right . . . to have the matter of the establishment of the conservatorship tried by jury." (Prob. Code, § 1828, subd. (a)(6); see Welf. & Inst. Code, § 5350 [incorporating procedures from Probate Code].) "This right shall also apply in subsequent proceedings to reestablish conservatorship." (Welf. & Inst. Code, § 5350, subd. (d)(3).) It is well-settled "that a trial court must *personally* advise a person of the statutory right to a jury trial in LPS proceedings." (*K.R. v. Superior Court* (2022) 80 Cal.App.5th 133, 143, italics added.)

The record does not show that the trial court ever advised Daniel R. of his right to a jury trial or that he ever waived that right. We also perceive no basis on which to find that the omission was harmless. (See *Conservatorship of Heather W.* (2016) 245 Cal.App.4th 378, 384–385.) The Public Conservator did not file a respondent's brief and thus does not dispute that prejudicial error occurred.

The May 15, 2024 order reappointing the Public Conservator is reversed. The matter is remanded for the trial court to personally advise Daniel R. of his right to a jury trial.

_____

Humes, P. J.


WE CONCUR:




_____

Banke, J.




_____

Langhorne Wilson, J.




_Conservatorship of Daniel R._  A170599


4